## SAMUEL HANNA

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

| 86 | 243 |
| 139 | 148 |
| 86 | 243 |
| f189 | 4224 |

1. JURY — *special bailiff to fill panel in criminal case.* Where the regular panel of jurors is exhausted in a criminal case, and it becomes necessary to summon others to fill the panel, the accused, on objection to the sheriff, as, that he is related to the prosecuting witness, is entitled to have a special bailiff appointed to fill the panel.

2. CHANGE OF VENUE — *of the petition.* A petition for a change of venue on account of the prejudice of the judge need not contain the names of the parties subscribing the affidavits filed with it, or state the persons making such affidavits are reputable persons and residents of the county. The qualifications of such persons may be shown by their own affidavits.

3. All a petition for a change of venue need contain is a statement of the cause or causes for the application, and a prayer for a change of venue. When the cause is the prejudice of the judge, the petition must be accompanied by the affidavit of at least two reputable persons, residents of the county, not of kin or counsel to the applicant, stating their belief the judge is so prejudiced against the applicant that he can not have a fair and impartial trial.

4. CRIMINAL LAW — *accessory.* If a party, with others indicted with him, had a common design to do an unlawful act, whatever act any one of them does in furtherance of the original design is the act of all, and all are equally guilty of whatever crime is committed.

WRIT OF ERROR to the Circuit Court of Will County; the Hon. JOSIAH MCROBERTS, Judge, presiding.

The accused was indicted with other parties for an assault with intent to kill and murder one John H. Arnold. On the trial he was convicted, and sentenced to the penitentiary for a period of seven years.

The regular panel having been exhausted, the court ordered a special *venire* for an additional number of jurors. Defendant objected to the sheriff of the county serving the special *venire*, because the prosecuting witness was the father of the sheriff, and moved the court to appoint the coroner of the county or a special bailiff to serve the *venire;* but the court overruled the motion, and defendant has saved an exception to the ruling of the court in that respect.

Messrs. HALEY & O'DONNELL, for the plaintiff in error.

Mr. E. C. HAGAR, State's Attorney, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

We are of opinion the court erred in not allowing defend-ant's motion for the appointment of a special bailiff to summon the additional number of jurors wanted. The statute makes it the duty of the court, when in the course of the trial of any cause the regular panel shall become exhausted, to direct the sheriff to summon a sufficient number of persons having the qualifications of jurors to fill the panel for the pending trial, but on objection being made by either party to the sheriff acting, the court shall appoint a special bailiff to summon such persons. Rev. Stat. 1874, sec. 13, p. 633. Construction can not make this clause of the statute plainer than it is. The accused was entitled to the benefit of the right secured. The fact the prosecuting witness was the father of the acting sheriff shows it was not a mere captious objection, and the motion ought to have been allowed.

But there is another reason why the present conviction can not stand. Before entering upon the trial, the accused presented his petition for a change of venue on account of the prejudice of the judge presiding, against him. The petition was in the usual form, was verified by affidavit of defendant, was presented in apt time, and was accompanied by the affidavits of two persons, each of whom declared on oath he was resident of the county where the cause was pending, that he was neither of kin nor counsel to the applicant, that he was a person of reputable character, and that he believed the judge of the circuit court where the cause was then pending was so prejudiced against defendant he could not have a fair and impartial trial in that court. The position is taken the petition is deficient for the reason it does not contain the names of the persons subscribing the affidavits which the statute requires shall be filed with it,

nor does it contain any statement the persons making such affidavits are reputable persons, residents of the county. The answer to the position assumed is, the statute has not required the applicant to set forth any such matters in his petition.   All a petition for a change of venue need contain is a statement of the cause or causes for the application and a prayer for a change of venue.   Another section of the statute, as we have seen, provides that, when the cause for a change of venue is the prejudice of the judge, the petition shall be accompanied by the affidavits of at least two reputable persons, residents of the county, not of kin or counsel to the applicant, stating their belief the judge is so prejudiced against the applicant he can not have a fair and impartial trial.   As to how it is to be made known the persons making the affidavits are '' reputable persons, residents of the county,'' the statute is silent.   The accused is not required to present other evidence the persons making the affidavits possess the requisite qualifications, and such fact may as well be made to appear from the affidavits of the parties themselves as from any statement of defendant in his petition.   It is apprehended where the parties making the affidavits state they possess the statutory qualifications, it will be regarded as evidence of the existence of such facts.

The instruction given on behalf of the people is not subject to the criticism made upon it.   It states correctly that if defendant and those indicted with him had a common design to do an unlawful act, then in contemplation of law whatever act any one of them did in furtherance of the original design is the act of all, and all are equally guilty of whatever crime was committed.   This is but a restatement of the law on this subject as declared by this court in *Brennan* v. *The People*, 15 Ill. 511.

For the errors indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*